```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

DIANE LISCAR and ERIC LISCAR,       \*

    Plaintiffs,                     \*

vs.                                 \*
                                       CASE NO. 4:12-CV-8 (CDL)

PEDIATRIC   ACUTE   CARE   OF       \*
COLUMBUS, P.C., BEN OVERBY, and
KIM OVERBY,                         \*

    Defendants.                     \*

O R D E R

On July 25, 2012, the Court granted Defendant Pediatric Acute Care of Columbus, P.C.'s ("Defendant") motion to compel (ECF No. 16) non-party Martin Army Community Hospital ("the Hospital") to produce documents and respond to discovery. Order, ECF No. 20. Defendant then filed a motion for attorney's fees against the Hospital (ECF No. 21), requesting its fees and costs in the amount of $316.00 incurred in conjunction with its motion to compel. For the following reasons, Defendant's request is denied.

Defendants served the non-party Hospital with subpoenas duces tecum pursuant to Federal Rule of Civil Procedure 45, seeking Plaintiffs Diane Liscar and Eric Liscar's medical records. See Defs.' Mot. to Compel Docs. Against Non-Party Martin Army Community Hospital [hereinafter Mot. to Compel] Ex.

A, Subpoena, ECF No. 16-1 (seeking D. Liscar's medical records); Mot. to Compel Ex. B, Subpoena, ECF No. 16-2 at 2 (seeking E. Liscar's medical records).  After the Hospital failed to respond, Defendant moved to compel the Hospital's compliance with the subpoenas duces tecum.  Mot. to Compel 1, ECF No. 16.  The Court then ordered the Hospital to produce the medical records requested by the subpoenas.  Order 2, ECF No. 20.

Defendant moves the Court for an award of fees and costs under Federal Rule of Civil Procedure 37.  Rule 37 permits an award of attorney's fees and costs to the moving party if the Court grants a motion to compel pursuant to that rule.  Fed. R. Civ. P. 37(a)(5)(A).  Rule 37, however, does not apply to motions to compel compliance with a subpoena duces tecum issued pursuant to Rule 45.  *See* Fed. R. Civ. P. 37(a)(3) (enumerating motions to which Rule 37 applies).

Rule 45, which does apply, provides that a non-party's failure to obey a subpoena without excuse can subject that non-party to contempt.  Fed. R. Civ. P. 45(e).  In this case, the Court found the proper remedy for the Hospital's failure to comply initially with the subpoenas to be an order from the Court directing the Hospital to comply.  The Hospital did comply with that order of the Court.  Under these circumstances, the Court finds that any additional remedy is not warranted, and

therefore, Defendant's request for attorney's fees and costs (ECF No. 21) is denied.

IT IS SO ORDERED, this 12th day of October, 2012.

                                        S/Clay D. Land
                                            CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE