```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

DIANE LISCAR and ERIC LISCAR,    *

      Plaintiffs,                *

vs.                              *
                                   CASE NO. 4:12-cv-08 (CDL)
PEDIATRIC ACUTE CARE OF          *
COLUMBUS, P.C., BEN OVERBY, KIM
OVERBY, SOUTHEASTERN CARDIOLOGY  *
ASSOCIATES, P.C., and SBD
MEDICAL SOLUTIONS, INC.,         *

      Defendants.                *
```

O R D E R

Diane Liscar claims that Ben Overby, her supervisor at Pediatric Acute Care of Columbus, P.C. ("PACC"), sexually harassed her. Mrs. Liscar alleges that she was retaliated against when she complained about the harassment. She, along with her husband Eric Liscar, filed suit in the Superior Court of Muscogee County. Mrs. Liscar asserts retaliation claims against her employer under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* She and her husband also assert state law claims under Georgia law for intentional infliction of emotional distress, negligent supervision and retention, assault and battery, failure to provide safe workplace, invasion of privacy, slander and defamation, and loss of consortium. Defendants removed the case

to federal court. Defendants Ben Overby and Kim Overby subsequently filed a suggestion of bankruptcy (ECF No. 53), resulting in an automatic stay of the claims against them. Defendants PACC, Southeastern Cardiology Associates, P.C. ("Southeastern"), and SBD Medical Solutions, Inc. ("SBD"), collectively referred to as "Defendants," filed motions for summary judgment on all of Plaintiffs' claims (ECF Nos. 76, 77, 78). For the reasons explained below, Defendants' motions are denied as to Plaintiff's Title VII retaliation claims and Plaintiffs' state law negligent supervision and retention claim. Defendants' motions are otherwise granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

2

FACTUAL BACKGROUND

PACC is a pediatric after-hours clinic started by Dr. Shane Darrah in the fall of 2009. Southeastern is Dr. Darrah's cardiology clinic where he practices. SBD is a medical billing company Dr. Darrah established to perform billing services for PACC and Southeastern. Mrs. Liscar was hired as PACC's practice manager on October 25, 2009. Mrs. Liscar alleges that she was sexually harassed and assaulted during her employment by her direct supervisor, Mr. Overby. Mr. Overby was the director of operations of PACC and the practice manager of SBD.

On February 4, 2011, Mrs. Liscar complained to Dr. Darrah, Mr. Overby's supervisor, that she had been sexually harassed and sexually assaulted by Mr. Overby and that he retaliated against her when she opposed his conduct. The only incident she told Dr. Darrah about at that time was a kiss. The last alleged physical contact had occurred eight months earlier. After learning that Mrs. Liscar and her husband, Eric, did not wish to pursue criminal charges, Dr. Darrah called Mr. Overby to his office to discuss the situation. Mr. Overby admitted a relationship with Mrs. Liscar, but he claimed that it was consensual. Dr. Darrah requested that both parties provide evidence regarding the nature of the relationship. He asked the Liscars for proof of the alleged harassment and asked Mr. Overby for proof that the relationship was consensual. Mrs. Liscar

3

offered no documents to support her claims.  Mr. Overby submitted emails, Facebook messages, and photographs tending to show the good natured aspects of the relationship between the Liscars and the Overbys during the time of the alleged harassment.  As a result of his investigation, Dr. Darrah concluded that Mr. Overby should no longer be Mrs. Liscar's supervisor.  But Mr. Overby remained involved in the operations of PACC and had contact with Mrs. Liscar, sending her emails she viewed as critical and retaliatory and attending meetings where her presence was required.

By April 1, 2011, Mr. Overby was removed from all operations at PACC.  Mrs. Liscar resigned from her employment with PACC on July 28, 2011, after a two-week notice period.  Mr. Overby continued to work for SBD and Southeastern until he was terminated in the spring of 2013.

DISCUSSION

I.   **Title VII Retaliation Claims**

It is unlawful for an employer to discriminate against an employee "because [she] has opposed any practice made an unlawful employment practice" by Title VII or "because [she] has made a charge" under Title VII.  42 U.S.C. § 2000e-3(a).  "A prima facie case of retaliation under Title VII requires the plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action;

4

and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). If the plaintiff establishes a prima facie case based on circumstantial evidence, the burden then shifts to the employer to articulate a non-retaliatory reason for its actions. *See Brown v. Ala. Dep't of Transp.,* 597 F.3d 1160, 1181 (11th Cir. 2010); *accord Ramirez v. Bausch & Lomb, Inc.*, 546 F. App'x 829, 829 (11th Cir. 2013) (per curiam). Plaintiff must then demonstrate that each proffered reason is pretext for unlawful retaliation to avoid summary judgment. *Brown*, 597 F.3d at 1181-82.

The Court finds that Mrs. Liscar established a prima facie case of retaliation. She presented evidence that she complained about sexual harassment, and that after those complaints sufficiently material adverse employment actions were taken against her. Those actions included her superiors taking away a promotion opportunity, undermining her authority with employees she supervised, and increasing her work hours, among others. A reasonable jury might find that Defendants' actions, taken together, "could well dissuade a reasonable worker from making or supporting a charge of [harassment or retaliation]." *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). The Court further finds that an adequate causal connection has been shown for purposes of a prima facie case.

5

The Court also finds that a genuine factual dispute exists as to whether Defendants' stated non-retaliatory reasons for its actions were pretextual.  In light of the genuine factual disputes, summary judgment is not appropriate on the Title VII claims.

The Court observes that the parties did not focus on the proper causation standard in their briefing on the motions for summary judgment.  Notwithstanding the suggestion in the case law that a relaxed causation standard exists for purposes of a prima facie case, it is now clear that a plaintiff ultimately must prove "that the desire to retaliate was the but-for cause" of the alleged retaliation.  *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 131 S. Ct. 2517, 2528 (2013).  The employee must present sufficient evidence from which a reasonable jury could conclude "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* at 2533.  To avoid summary judgment, Mrs. Liscar must produce evidence from which the jury could determine that her employer would not have taken the alleged retaliatory actions against her if she had not complained about harassment. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009); *accord Nassar*, 131 S. Ct. at 2528 ("[T]he proper conclusion here, as in *Gross*, is that Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the

challenged employment action."). Based on the present record and construing all reasonable inferences in Mrs. Liscar's favor as required at this stage of the litigation, the Court finds that a genuine factual dispute exists on causation.

Defendants' motions for summary judgment are denied as to Plaintiff Diane Liscar's Title VII retaliation claims.[1]

## II. State Law Claims

In addition to Mrs. Liscar's Title VII claims, Mrs. Liscar asserts state law claims against Defendants based on Mr. Overby's alleged tortious conduct.[2] Mrs. Liscar maintains that Defendants as Mr. Overby's employer were aware of his conduct and allowed it to persist, thus subjecting them to liability for negligent supervision and retention of Mr. Overby. Mrs. Liscar also maintains that Defendants ratified his tortious conduct and are therefore liable for it. The Court does find that a genuine factual dispute exists as to Mrs. Liscar's negligent supervision and retention claim, so summary judgment is not appropriate as to that claim. The Court finds, however, that Mr. Overby's tortious conduct was not in furtherance of his employer's

---

[1] It appears clear that PACC was Mrs. Liscar's employer and thus is the proper defendant for the Title VII claims. It is less clear that Southeastern and SBD were also her employers for purposes of Title VII liability. But the present record is not sufficiently clear to permit the Court to find as a matter of law that Southeastern and SBD were not joint employers for purposes of Title VII. Therefore, all of Defendants' motions for summary judgment are denied as to Mrs. Liscar's Title VII retaliation claims.

[2] Mr. Liscar asserts a loss of consortium claim, which is a derivative claim that depends on Mrs. Liscar's state law claims.

7

business, and therefore, Defendants cannot be liable for the alleged ratification of that conduct. The Court notes that Mrs. Liscar does not appear to assert claims based on respondeat superior principles, which claims would clearly fail because Mr. Overby's tortious conduct was not done in furtherance of his employment.

### A. Negligent Supervision and Retention

Georgia law requires employers "not to retain [employees] after knowledge of incompetency." O.C.G.A. § 34-7-20. Mrs. Liscar claims that "Defendants, jointly and severally, negligently supervised and retained [Mr.] Overby . . . after having actual and/or constructive knowledge of [his] propensity to engage in sexual misconduct and retaliation toward female subordinates." 3d Am. Compl. ¶ 45, ECF No. 27. Liability for negligent retention claims in Georgia "requires evidence that the employer knew or should have known of the employee's propensity to engage in the type of conduct that caused the plaintiff's injury." *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1247 (11th Cir. 2001). Mrs. Liscar notified her employer on February 4, 2011, that Mr. Overby had sexually harassed her and retaliated against her when she opposed his harassment. Dr. Darrah responded to the complaint by asking Mr. Overby for his side of the story, and asking each side to provide proof of its claims. As a response to the situation,

8

Dr. Darrah purported to remove Mr. Overby from his position as Mrs. Liscar's direct supervisor. But Mrs. Liscar pointed to evidence that Mr. Overby remained in contact with Mrs. Liscar at work and continued to retaliate against her. The present record demonstrates a genuine factual dispute as to whether Defendants negligently supervised and retained Mr. Overby after Mrs. Liscar's complaints.[3]

### B. Failure to Provide Safe Workplace

Plaintiffs allege that Defendants "failed and refused to provide [Mrs.] Liscar with a safe workplace, in violation of O.C.G.A. § 34-2-10." 3d Am. Compl. ¶ 53. This statutory provision requires that employers "furnish employment which shall be reasonably safe for the employees therein" and "adopt and use methods and processes reasonably adequate to render such an employment and place of employment safe." O.C.G.A. § 34-2-10(a). "The duty imposed upon an employer to provide its employees with a safe working environment contemplates safety in the physical sense; that is, that the workplace be organized and maintained in such a manner as to minimize the likelihood of *physical injury*." *Metro. Atlanta Rapid Transit Auth. v. Mosley*, 280 Ga. App. 486, 488, 492, 634 S.E.2d 466, 468, 471 (2006) (finding conduct not physically threatening when defendant

---

[33] The Court further finds that a genuine factual dispute exists as to Plaintiffs' lost consortium claims arising from Defendants' negligent supervision and retention of Mr. Overby, and therefore, summary judgment is denied as to that claim.

pressed himself against plaintiff and moaned). Mrs. Liscar asserts that she has suffered personal and physical injury, but the physical injuries she describes are a result of the alleged emotional trauma. The Court declines to extend the statute to the facts presented here without a clearer indication of legislative intent that the statute was intended to cover such situations. Plaintiffs have pointed to no case law applying this statute this broadly. Accordingly, the Court grants Defendants' motions for summary judgment as to this claim.

### C. Mrs. Liscar's Remaining State Law Claims

Mrs. Liscar's remaining state law claims are based on Defendants' alleged ratification of Mr. Overby's tortious conduct. "An employer may ratify tortious conduct by an employee, and thereby assume liability for unauthorized conduct, but for liability to be imposed on the employer by ratification, there must be evidence that the employee's conduct was done in furtherance of the employer's business and within the scope of the employment." *Travis Pruitt & Assocs., P.C. v. Hooper*, 277 Ga. App. 1, 3-4, 625 S.E.2d 445, 449 (2005). Plaintiffs admit that Mr. Overby's alleged misconduct was not in furtherance of the Defendants' business or within the scope of Mr. Overby's employment. Pls.' Resp. to Statement of Material Facts 33, ECF No. 104. Accordingly, Defendants cannot be liable for Mr. Overby's tortious conduct under a ratification theory, and

Defendants' motions for summary judgment are granted as to Plaintiffs' remaining state law claims.[4]

## CONCLUSION

The facts when viewed in the light most favorable to Plaintiffs create genuine factual disputes as to Plaintiffs' Title VII retaliation claims, negligent supervision and retention claim, and loss of consortium claims. Summary judgment is appropriate as to the remaining state law claims. Defendants' Motions for Summary Judgment (ECF Nos. 76, 77, 78) are thus granted in part and denied in part.

In light of today's rulings, the following claims remain pending in this action: Plaintiff Diane Liscar's Title VII and negligent supervision and retention claims against Pediatric Acute Care of Columbus, P.C., Southeastern Cardiology Associates, P.C., and SBD Medical Solutions, Inc.; Plaintiffs' loss of consortium claims against these Defendants arising from Diane Liscar's negligent supervision and retention claim; and

---

[4] To the extent that Mrs. Liscar asserts a separate claim for intentional infliction of emotional distress based on the employer defendants' separate conduct toward Mrs. Liscar, the Court finds that she has failed to point to sufficient evidence from which a reasonable jury could conclude that the essential elements of such a claim have been established. *See Lightning v. Roadway Express, Inc.,* 60 F.3d 1551, 1558 (11th Cir. 1995) (explaining Defendants' conduct must be extreme and outrageous, causing severe emotional distress); *see also Higdon v. Jackson,* 393 F.3d 1211, 1222 (11th Cir. 2004); *Beck v. Interstate Brands Corp.,* 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam); *Abdul-Malik v. Airtran Airways, Inc.,* 297 Ga. App. 852, 856, 678 S.E.2d 555, 559 (2009); *Jarrard v. United Parcel Serv., Inc.,* 242 Ga. App. 58, 59-60, 529 S.E.2d 144, 146-47 (2000).

all of Plaintiffs' claims against the Overby Defendants, which are unaffected by this Order and are presently stayed because of their bankruptcy filing.

IT IS SO ORDERED, this 9th day of April, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
